# EXHIBIT 2

F I L E D
IN DISTRICT COURT

AUG 1 2 2014

IN THE DISTRICT COURT OF CARTER COUNTY
STATE OF OKLAHOMA

AT _____ o'clock _____ for
KAREN VOLINO, Court Clerk
Carter County, Oklahoma

SYLVIA M. TANNER,

    *Plaintiff,*

vs.

HEARTLAND DENTAL, LLC,

    *Defendant.*

Case No. CJ-14-185

## PETITION

COMES NOW, Plaintiff, SYLVIA M. TANNER, by and through her attorney of record, Robert J. Wagner and Jon J. Gores of the firm of WAGNER & WAGNER, P.C. and for her cause of action against Defendant, HEARTLAND DENTAL, LLC, alleges and states the following:

### PARTIES

1. Plaintiff, SYLVIA M. TANNER (hereinafter "Plaintiff"), is a fifty-three (53) year old lawful permanent resident of Love County, State of Oklahoma.

2. Defendant, HEARTLAND DENTAL, LLC (hereinafter "Defendant"), is upon information and belief a Corporation established under the laws of the State of Illinois with its principal place of business outside of Oklahoma in Effingham, Illinois.

3. Defendant manages and operates various dental offices across multiple states including Oklahoma. One of these affiliated dental offices is My Dentist Complete Care Dentistry (hereinafter "My Dentist") located in Ardmore, Oklahoma.

4. Defendant acquired all My Dentist locations in October of 2013.

5. Plaintiff worked at the My Dentist location in Ardmore, Oklahoma as a Dental Assistant.


EXHIBIT 2

## JURISDICTION AND VENUE

6. This is a cause of action for wrongful discharge in violation of the following claims: (1) discrimination on the basis of her national origin (Poland and Germany) in violation of Title VII of the Civil Rights Act of 1964, as amended, (2) discrimination on the basis of age in violation of the Age Discrimination in Employment Act of 1967, as amended, (3) discrimination because of a real or perceived disabilities in violation of Americans with Disabilities Act of 1990, as amended (ADAAA), (4) violation of the Oklahoma Anti-Discrimination Act, and (5) wrongful termination under the Burk tort public policy exception to the at-will employment doctrine.

7. It is believed that all damages at issue are less than $75,000.00.

8. All of the actions complained of occurred in Carter County, Oklahoma, and venue is proper in the District Court of Carter County, Oklahoma.

## CAUSES OF ACTION

7. In May of 2013 Plaintiff was hired to work for My Dentist as a dental assistant at the newly opened office in Ardmore, Oklahoma, and she was scheduled to begin work on the 20th of May 2013.

8. Plaintiff had previous experience working as a dental assistant in past jobs.

9. On or around the 17th of May 2013, Plaintiff received a phone call stating the dentist she would be assigned to at this location did not complete all of his licensing requirements.

10. For the foregoing reason Plaintiff did not begin working for Defendant until July 2013.

11. Plaintiff was terminated from her employment on or around the 4th day of February 2014.

12. During the course of her employment other employees had trouble communicating with Plaintiff because of her accent, and would misinterpret her pronunciations as being rude or hostile because of the delivery.

13. Plaintiff was born in Poland, and she immigrated to Germany at an early age.

14. After considerable time in Germany, Plaintiff moved to the United States, and she became a lawful permanent resident.

15. English is Plaintiff's third language behind Polish and German.

16. Plaintiff was wrote up during her employment for being considered rude to clients and co-workers because of her accent.

17. During one occasion in which Plaintiff was criticized for her accent was when a receptionist placed a scalpel without removing the blade into the autoclave, and Plaintiff discovered the blade.

18. This is an improper technique that can cause injury if not removed, and Plaintiff had previously been injured by cutting her finger on equipment inside the basket in which she had to receive treatment at the hospital to make sure there were no infections.

19. Plaintiff approached the receptionist who was not trained in equipment sterilization, and told her it was improper to not remove the scalpel blade.

20. Shortly after Plaintiff spoke with the receptionist, she was approached by an office manager who criticized Plaintiff about speaking rudely to the receptionist.

21. Plaintiff felt isolated and left out during her time working for Defendant and feel that this is attributed to her having a different national origin.

22. Plaintiff was ultimately terminated for the purported reason of being rude due to her tone.

23. The practices complained of above were intentional and designed to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee and were in violation of Title VII of the Civil Rights Act of 1964, as amended.

24. The unlawful employment practices complained of above were committed with malice and reckless indifference to Plaintiff's protected rights.

25. In addition to Plaintiff's claims of discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, Plaintiff brings the claims of discrimination under the Age Discrimination in Employment Act of 1967 (ADEA).

26. Plaintiff was older than the younger staff at My Dentist.

27. Plaintiff was teased by younger workers that she was "old enough to be my mom," and references were made to her age during the course of her employment.

28. Plaintiff felt that she was treated like an outsider, and she was forced to work without breaks to avoid incurring overtime.

29. Towards the end of Plaintiff's employment her hours were cut to thirty (30) hours per week, and she was told that there were not enough hours for forty (40) hour work week.

30. At this same time period, Defendant hired a younger dental assistant who was receiving Plaintiff's hours.

31. When Plaintiff was terminated, her full-time hours were giving to this younger dental assistant.

32. This employment practice complained of above is in violation of the Age Discrimination in Employment Act (ADEA) and to the companion state law claims under the Oklahoma Anti-Discrimination Act.

33. In addition to violations of Title VII and the ADEA, Plaintiff brings the claim of discrimination under the Americans with Disabilities Act (ADA), as amended for being denied a reasonable accommodation.

34. Plaintiff has high blood pressure, and the office was aware of her condition.

35. To properly regulate her blood pressure, Plaintiff required the use of medication which would need to be taking with food.

36. Plaintiff was forced to work through her breaks due to the constraints of her job.

37. Plaintiff requested that she be allowed to keep a bottle of water and a snack near her in a cabinet so she could take a break in between patients.

38. Plaintiff was denied this reasonable requests and no interactive process occurred.

39. The foregoing was a violation of the Americans with Disabilities Act as amended and the companion state law claim under the Oklahoma Anti-Discrimination Act.

40. Lastly, Plaintiff brings a claim of wrongful discharge under Oklahoma Common Law.

41. Oklahoma recognizes a tort claim for wrongful discharge where an employee is discharged "for refusing to violate an established and well-defined public

policy" or for "performing an act consistent with a clear and compelling public policy," under Burk v. K-Mart Corp., 770 P.2d 24 (Okla. 1989).

42. Burk tort is an exception to the common law at-will employment doctrine.

43. Plaintiff was instructed by the office manager to code all extractions as surgical extractions for Medicaid.

44. Plaintiff complained that that was improper to code normal extraction as a surgical extraction, and she told the manager that it was improper.

45. Plaintiff brought the attention of this practice to the Dentist who agreed that Plaintiff was correct.

46. Plaintiff feels that she was retaliated against for bringing this to light.

47. Not wanting to engage in any type of fraud and bringing this to light, and ultimately being terminated for speaking up against this practice is a violation of established public policy.

48. As a result of the discharge of Plaintiff, Plaintiff has been caused embarrassment, humiliation, mental pain and anguish and lost wages.

49. Plaintiff filed a "Charge" of discrimination with the Equal Employment Opportunities Commission (EEOC) charge number 564-2014-00604 on the 2nd day of May, 2014 as attached hereto as (Appendix-1).

50. A Notice of Suit Rights was issued by the EEOC on the 13th of May, 2014 and Plaintiff received the Notice on or around the 15th of May 2014. A copy of the notice is attached hereto as (Appendix-2) and incorporated herein by this reference.

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Grant a permanent injunction enjoining Defendant, their officers, successors, assigns, and all persons in active concert of participation with

them, from engaging in employment practices which discriminate on the basis of age and disability.

b. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for Sylvia Tanner and other employees and which eradicate the effects of their past and present unlawful employment practices.

c. Order Defendant to make whole Sylvia Tanner by providing appropriate back pay with prejudgment interest, in amounts to be proved at trial and other affirmative relief necessary to eradicate the effects of Defendants' unlawful employment practices, including but not limited to rightful-placement reinstatement or front pay in lieu of placement.

d. Order Defendant to make whole Sylvia Tanner by providing compensation for past and future pecuniary and non-pecuniary loses resulting from the unlawful employment practices described above, including, but not limited to emotional pain, suffering, anxiety, loss of enjoyment of life, humiliation, and inconvenience, in amounts to be determined at trial.

e. Order Defendant to pay Sylvia Tanner punitive damages for their malice or reckless indifference to her protected rights described above, in amounts to be determined at trial.

f. Grant such further relief as the court deems just and proper through law or equity.

g. Award Plaintiff her costs and attorney fees in this action.

Respectfully submitted,

WAGNER & WAGNER, P.C.
4401 N. Classen Blvd., Suite 100
Oklahoma City, OK 73118-5038
(405) 521-9499 Telephone
(405) 521-8994 Fax
rjw@wagnerfirm.com (e-mail)

By: _____
ROBERT J. WAGNER, OBA #016902
JON J. GORES, OBA #31068
Attorney for Plaintiff
SYLVIA M. TANNER

JURY TRIAL DEMANDED
ATTORNEY'S LIEN CLAIMED

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 564-2014-00604 |

Oklahoma Attorney General's Office, Office of CR Enforcement and EEOC

*State or local Agency, if any*

**Name** (Indicate Mr., Ms., Mrs.)
Ms. Silvia Marie Tanner

**Home Phone** (Incl. Area Code): (580) 276-0253
**Date of Birth:** 03-27-1951

**Street Address:** 202 N. Ashwood Avenue, Marietta, OK 73448

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

**Name:** MY DENTIST COMPLETE CARE DENTISTRY/HEARTLAND DENTAL CARE LLC
**No. Employees, Members:** 500 or More
**Phone No.** (Include Area Code): (580) 798-0340
**Street Address:** 2401 12th Avenue Nw, Ardmore, OK 73401

**DISCRIMINATION BASED ON** (Check appropriate box(es).)

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☒ NATIONAL ORIGIN
☒ RETALIATION ☒ AGE ☒ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER (Specify)

**DATE(S) DISCRIMINATION TOOK PLACE**
Earliest: 07/01/13
Latest: 02/04/14

☐ CONTINUING ACTION

**THE PARTICULARS ARE** (If additional paper is needed, attach extra sheet(s)):

I was denied a bonus in or about July 2013. I was denied compensation for attending a CPR class. I was teased about being older, constantly accused of being rude because of my accent. I was targeted and treated differently than younger employees. I was told I had to finish my patient/procedure before I was allowed to take a break to take my medication. I complained of improper billing practices I did not feel were right and I believe I was retaliated against for reporting this to the dentist. On February 4, 2014, I was discharged. I had been employed as a dental assistant since approximately April 2013.

No reasons were given for the treatment I received while employed. Management said I was discharged for being rude to coworkers and customers.

I believe that I have been retaliated against and discriminated against because of my national origin

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – When necessary for State and Local Agency Requirements

I declare under penalty of perjury that the above is true and correct.

05/02/2014
Silvia M. Tanner
*Charging Party Signature*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

APPENDIX

No. 1

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 564-2014-00604 |

Oklahoma Attorney General's Office, Office of CR Enforcement and EEOC

*State or local Agency, if any*

(accent) in violation of Title VII of the Civil Rights Act of 1964, as amended; my disability and or because I was perceived as being disabled, in violation of the Americans with Disabilities Act of 1990, as amended and my age, in violation of the Age Discrimination in Employment Act of 1967, as amended.

---

I this charge filed with both the EEOC and the State or local Agency, if any. I vise the agencies if I change my address or phone number and I will rate fully with them in the processing of my charge in accordance with their dures.

are under penalty of perjury that the above is true and correct.

5/02/2014

Date

*Charging Party Signature*

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

EEOC Form 161 (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Silvia Marie Tanner
202 N. Ashwood Avenue
Marietta, OK 73448

From: Oklahoma City Area Office
215 Dean A. McGee Avenue
Suite 524
Oklahoma City, OK 73102

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 564-2014-00604 | Patricia D. Stewart, Investigator | (405) 231-5853 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

- **NOTICE OF SUIT RIGHTS -**
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

Enclosures(s)

Holly Waldron Cole,
Area Office Director

5/8/14
(Date Mailed)

cc:
HR
Director
HEARTLAND DENTAL CARE LLC
1200 Network Centre Dr. Ste. 2
Effingham, IL 62401

Jon J. Goes, Esq.
WAGNER & WAGNER
Attorney's & Counselors at Law
4401 N. Classen Blvd., Ste. 100
Oklahoma City, OK 73118

APPENDIX

No. 2